UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert Breest,
    Petitioner
  v.                                        Civil No. 77-cv-45-SM

NH State Prison Warden,
    Respondent

**O R D E R**

Defendant seeks to challenge his state conviction for first degree murder, a conviction that is now over thirty-three years old. He has filed a pleading styled as a "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4); The Judgment is Void." In that pleading he raises legal issues raised in an earlier petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, although he now adds a contemporary twist – he says the state sentencing judge's finding that his crime qualified, under state law, as a psycho-sexual murder, violated his right to a jury trial on that issue. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

Ordinarily, a Rule 60(b) motion challenging the constitutionality of the petitioner's underlying conviction should be treated as a habeas petition under 28 U.S.C. § 2254. Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003). Here, the motion

must also be construed as a second or successive petition, since he previously filed a federal habeas petition challenging this same conviction, on similar grounds.  As such, petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); <u>United States v. Barrett</u>, 178 F.3d 34 (1st Cir. 1999).

    Although the petition could be transferred to the United States Court of Appeals for the First Circuit for its consideration, 28 U.S.C. § 1631, transfer is not mandated. Because petitioner has raised identical issues previously, and the Court of Appeals has already resolved them, and because the Court of Appeals has also held that <u>Apprendi</u> does not apply retroactively, thus precluding the new ground raised by petitioner, the motion will be denied and petitioner can decide whether or not to seek the required authorization from the Court of Appeals to pursue a second or successive petition challenging this conviction.

    The motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (document no. 17) is construed as a

second or successive petition for habeas corpus relief (28 U.S.C. § 2254), is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 30, 2006

cc: Robert Breest, *pro se*
    Neals-Erik W. Delker, Esq.