UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert Breest,
          Petitioner
          v.                                    Civil No. 77-cv-45-SM

NH State Prison Warden,
          Respondent


**O R D E R**


     Defendant seeks to challenge his state conviction for first

degree murder, a conviction that is now over thirty-three years

old.  He has filed a pleading styled as a "Motion for Relief from

Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4);

The Judgment is Void."  In that pleading he raises legal issues

raised in an earlier petition for habeas corpus relief pursuant

to 28 U.S.C. § 2254, although he now adds a contemporary twist –

he says the state sentencing judge's finding that his crime

qualified, under state law, as a psycho-sexual murder, violated

his right to a jury trial on that issue.  See Apprendi v. New

Jersey, 530 U.S. 466 (2000).


     Ordinarily, a Rule 60(b) motion challenging the

constitutionality of the petitioner's underlying conviction

should be treated as a habeas petition under 28 U.S.C. § 2254.

Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003).  Here, the motion

must also be construed as a second or successive petition, since
he previously filed a federal habeas petition challenging this
same conviction, on similar grounds.  As such, petitioner must
first "move in the appropriate court of appeals for an order
authorizing the district court to consider the application."
28 U.S.C. § 2244(b)(3)(A); United States v. Barrett, 178 F.3d 34
(1st Cir. 1999).

Although the petition could be transferred to the United
States Court of Appeals for the First Circuit for its
consideration, 28 U.S.C. § 1631, transfer is not mandated.
Because petitioner has raised identical issues previously, and
the Court of Appeals has already resolved them, and because the
Court of Appeals has also held that Apprendi does not apply
retroactively, thus precluding the new ground raised by
petitioner, the motion will be denied and petitioner can decide
whether or not to seek the required authorization from the Court
of Appeals to pursue a second or successive petition challenging
this conviction.

The motion for relief from judgment pursuant to Federal Rule
of Civil Procedure 60(b)(4) (document no. 17) is construed as a

second or successive petition for habeas corpus relief (28 U.S.C.

§ 2254), is hereby denied.


      **SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 30, 2006

cc: Robert Breest, *pro se*
    Neals-Erik W. Delker, Esq.

3